SERAFÍN SOTO BARROS, demandante y apelado, *v.* COMISIÓN HÍPICA INSULAR, demandada y apelada, y LAS MONJAS RACING CORPORATION, interventora y apelante.

No. 4429.—*Visto:* Marzo 15, 1928. *Resuelto:* Julio 10, 1928.

*Feliú & La Costa,* abogados de la interventora apelante; *José Soto*

*Rivera* y *Guerra Mondragón & Soldevilla,* abogados respectiva-- mente de los apelados Barros y Comisión Hípica Insular.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

Las Monjas Racing Corporation apeló de una resolución negándole el derecho a intervenir en un procedimiento de mandamus instituido por Serafín Soto Barros contra la Comisión Hípica Insular.

Serafín Soto Barros en su petición de *mandamus* había alegado que él era el subarrendatario del hipódromo conocido con el nombre de "Las Casas Racing Park"; que había pagado todos los derechos y cumplido con todos los requisitos de la ley y que no obstante ello la Comisión Hípica Insular se había negado a expedirle una licencia.

La petición de Las Monjas Racing Corporation decía en efecto que ya tenía un hipódromo; que si se le expedía una licencia a Serafín Soto Barros surgiría la competencia entre los dos hipódromos, con lo cual Las Monjas Racing Corporation sería perjudicada grandemente; que el público que asistiría a las carreras sería más o menos el mismo y que la supuesta interventora sufriría una reducción en sus ingresos y por tanto una pérdida económica.

Después de una exposición de hechos similar y de hacerse referencia al artículo 72 del Código de Enjuiciamiento Civil, la Corte de Distrito de San Juan resolvió substancialmente que las Monjas Racing Corporation no deseaba intervenir porque tuviera interés en la cuestión que se ventilaba en el pleito de *mandamus,* o porque tuviera derecho en contra del demandante o de la demandada, sino porque tenía interés económico en impedir que Serafín Soto Barros obtuviera una licencia en vista de que tal concesión reduciría sus utilidades; que nadie que hubiera obtenido una licencia tenía derecho a excluir a todos los demás; que Las Monjas Racing Corporation, según demuestran las alegaciones, deseaba interponer las mismas defensas correspondientes a la Comisión Hípica Insular; que el auto de *man-*

*damus,* de ser expedido, tendría que ser dirigido contra la Comisión y no contra la supuesta interventora, y que únicamente la Comisión tenía derecho a expedir licencias y que toda orden o decreto tendría que ser expedido contra ella.

La corte inferior, sin duda alguna, está en lo cierto y tenemos poco que. agregar a su razonamiento. El recurso de *mandamus* existe para obligar al cumplimiento de un deber y lo que la peticionaria trataba de hacer en su análisis ulterior equivalía a una tentativa de afectar la discreción, de haberla, tanto de la Comisión Hípica Insular como de la corte. La supuesta interventora no tenía interés alguno en este litigio y la *resolución apelada debe ser confirmada.*